[Cite as *Bryant v. Mehler*, 2011-Ohio-1226.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| LORI BRYANT | : | William B. Hoffman, P.J. |
| | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 2010CA00107 |
| | : | |
| | : | |
| DAVID MEHLER | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:   Civil Appeal from Stark County
Court of Common Pleas,
Case No. 2009CV1427

JUDGMENT:        Reversed and Remanded

DATE OF JUDGMENT ENTRY:   March 14, 2011

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

ROBERT A. PECCHIO     ARNOLD F. GLANTZ
2305 E. Aurora Road, Ste. A-1   Glantz Law Offices
Twinsburg, Ohio  44087-1940   4883 Dressler Road, N.W.
Canton, Ohio  44718

*Edwards, J.*

{¶1} Appellant, David Mehler, appeals a judgment of the Stark County Common Pleas Court awarding appellee Lori Bryant compensatory damages of $400,000.00 and punitive damages in the amount of $100,000.00 on her complaint for sexual harassment.

STATEMENT OF FACTS AND CASE

{¶2} Appellee filed the instant action on April 10, 2009, alleging workplace sexual harassment against appellant. Appellant filed an answer on June 3, 2009.

{¶3} On July 20, 2009, the court filed an assignment schedule setting pretrial for August 21, 2009, at 8:50 a.m., for counsel only. The assignment included a note which stated that failure to appear may result in an adverse judgment being entered against the party not appearing or in default judgment being rendered where appropriate. The notice further reminded the parties of Local Rule 13.05 which provides:

{¶4} "RULE 13.05. IN THE EVENT THAT NEITHER THE DEFENDANT NOR COUNSEL APPEARS FOR SUCH PRETRIAL CONFERENCE, THE COURT, AT PLAINTIFF'S REQUEST, MAY HEAR EVIDENCE AND DECIDE A CASE TRIABLE TO THE COURT, OR IF IT BE A CASE TRIABLE TO A JURY, IT MAY ACCEPT PLAINTIFF'S WAIVER OF TRIAL BY JURY, HEAR EVIDENCE AND DECIDE THE CASE."

{¶5} The assignment schedule was mailed to appellant's attorney, Willard Hanner. Service of the assignment schedule was returned as not deliverable as addressed and unable to forward.

{¶6} Neither appellant nor his attorney appeared for the pretrial hearing. The court granted default judgment on the issue of liability without hearing evidence and scheduled a damages hearing for September 28, 2009. This order was filed on August 24, 2009. Again, service of that order failed and failure of service was docketed on September 25, 2009.

{¶7} On September 28, 2009, the magistrate heard evidence on damages. Again, neither counsel for appellant nor appellant appeared at the hearing. The magistrate awarded appellee damages in the amount of $400,000.00 for compensatory damages and $100,000.00 in punitive damages by order filed September 29, 2009. Once again, service of this entry failed.

{¶8} On November 2, 2009, the Stark County Sheriff personally served appellant with the September 29, 2009, order. Appellant filed a notice of substitution of counsel and objections to the magistrate's report on November 12, 2009. Attached to the objections was an affidavit of appellant stating that he was never notified by Attorney Hanner of the trial date or damages hearing. He averred that he attempted to contact Hanner upon receipt of the notice of judgment and discovered that his office space was empty and there was no relocation information posted on the premises.

{¶9} The court noted that the objections to the magistrate's report were untimely filed, but nonetheless reviewed the opinion of the magistrate and found that the opinion of the magistrate should be affirmed. Appellant assigns four errors:

{¶10} "I. THE TRIAL COURT ERRED IN GRANTING 'DEFAULT JUDGMENT' ON THE ISSUE OF LIABILITY IN ACCORDANCE WITH LOC.R. 13.05 WITHOUT TAKING EVIDENCE.

{¶11} "II. PROCEEDING WITH AN EX PARTE TRIAL UNDER LOC.R. 13.05 AS A SANCTION FOR A DEFENDANT'S SINGLE MISSED PRETRIAL OF WHICH HE WAS NOT NOTIFIED IS EXTREME, NOT CONSISTENT WITH OHIO'S PREFERENCE TO RESOLVE CASES ON THEIR MERITS, AND AN ABUSE OF DISCRETION.

{¶12} "III. THE TRIAL COURT'S DECISION TO ENTER JUDGMENT IN FAVOR OF BRYANT REGARDING LIABILITY VIOLATED MEHLER'S RIGHT TO DUE PROCESS OF LAW BECAUSE HE WAS NOT NOTIFIED THAT HIS FAILURE TO APPEAR FOR A PRETRIAL COULD RESULT IN AN EX PARTE JUDGMENT.

{¶13} "IV. THE TRIAL COURT'S AWARD OF COMPENSATORY AND PUNITIVE DAMAGES WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶14} Appellant argues that the court erred in entering default judgment against him on the issue of liability pursuant to Loc. R. 13.05. We agree.

{¶15} As quoted above, Loc. R. 13.05 provides that if the defendant does not appear for a pretrial conference, the court may hear evidence and decide the case. In the instant case, the court did not hear evidence, but entered default judgment against appellant. Civ. R. 55(A) provides:

{¶16} "(A) Entry of judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; but no judgment by default shall be entered against a minor or an

incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."

{¶17} Default judgment was not appropriate in the instant case because appellant filed an answer as required by the Civil Rules. The court failed to hear evidence and decide the case as allowed by Loc. R. 13.05 when a party fails to appear for a pretrial. The court therefore erred in entering default judgment on liability for appellant's failure to appear.

{¶18} The first assignment of error is sustained.

II, III, IV

{¶19} The second, third and fourth assignments of error are rendered moot and/or premature by our decision on assignment of error one.

{¶20} The judgment of the Stark County Common Pleas Court is reversed. This cause is remanded to that court for further proceedings.

By: Edwards, J.

Hoffman, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0124

[Cite as *Bryant v. Mehler*, 2011-Ohio-1226.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

LORI BRYANT                               :
                                          :
      Plaintiff-Appellee          :
                                          :
                                          :
-vs-                                      :        JUDGMENT ENTRY
                                          :
DAVID MEHLER                              :
                                          :
      Defendant-Appellant         :        CASE NO. 2010CA00107


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to appellee.


                           _____


                           _____


                           _____

                                  JUDGES